# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JEFFERY R. SINGLETON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 3:17-CV-00576-MGG ) |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

On July 25, 2017, Plaintiff Jeffery R. Singleton filed a complaint in this Court seeking judicial review of the Social Security Commissioner's final decision to deny his application for disability benefits. [DE 1]. Alternatively, Singleton seeks remand for further consideration of his application by the Appeals Council, which was denied on May 31, 2017. Singleton filed his opening brief in this matter on December 26, 2017. [DE 22]. On January 31, 2018, the Commissioner of Social Security ("Commissioner"), filed a response asking the Court to affirm the decision denying benefits. [DE 23]. This matter became ripe on February 13, 2018, when Singleton filed his reply brief. [DE 24]. This Court may enter a ruling in this matter based on the parties' consent, 28 U.S.C. § 636(c), and 42 U.S.C. § 405(g).

### I. PROCEDURE

On August 26, 2013, Jeffery R. Singleton (hereinafter, "the Plaintiff") filed a Title II application for a period of disability and disability insurance benefits. The Plaintiff also filed a Title XVI application for supplemental security income on August 26, 2013. In both

applications, the Plaintiff alleged disability beginning on August 1, 2012. These claims were initially denied on November 15, 2013, and upon reconsideration on April 10, 2014. Thereafter, the Plaintiff filed a written request for hearing on April 16, 2014. On November 17, 2015, the Plaintiff appeared in Valparaiso, Indiana, and an Administrative Law Judge ("ALJ") presided over the video hearing from Livonia, Michigan. An impartial vocational expert also appeared and testified at the hearing. The Plaintiff amended his alleged disability onset date to March 1, 2013. The Plaintiff's representative submitted a post-hearing brief objecting to various aspects of the vocational expert's hearing testimony. The ALJ reviewed the post-hearing objections and found them unavailing. Based upon the August 26, 2013 application for disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), the ALJ found the Plaintiff not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act on February 11, 2016.

## II. RELEVANT BACKGROUND

After the hearing, the ALJ issued a written decision reflecting the following findings based on the five-step disability evaluation prescribed by the Social Security Administration's ("SSA's") regulations. At Step One, the ALJ found the Plaintiff meets the insured status requirements of the Act through December 31, 2018 and found that the Plaintiff has not engaged in substantial gainful activity since March 1, 2013. At Step Two, the ALJ found that the Plaintiff has the following severe impairments: lumbar degenerative disc disease, bilateral shoulder degenerative joint disease, and hepatitis C. At Step Three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ then determined that the Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). The ALJ found that Plaintiff can lift and/or carry up to twenty pounds occasionally and ten pounds frequently, and sit for up to six hours and stand and/or walk for up to six hours in an eight-hour workday. Additionally, the ALJ determined that the Plaintiff cannot climb ladders, but can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl. Further, the ALJ stated that the Plaintiff must avoid concentrated exposure to unprotected heights, moving machinery, and vibrating tools, and is restricted form work involving overhead lifting. However, the ALJ noted the Plaintiff requires the freedom to alternate position every thirty minutes.

At Step Four, the ALJ found that the Plaintiff cannot perform past relevant work and has a limited education. At Step Five, considering the Plaintiff's age, education, work experience, and RFC, the ALJ found that jobs exist in significant numbers in the national economy that the Plaintiff can perform. Based on these findings, the ALJ determined that the Plaintiff had not been disabled from the amended date of March 1, 2013.

### III. STANDARD OF REVIEW

On judicial review under the Act, the Court must accept the Commissioner's factual findings as conclusive if supported by substantive evidence. 42 U.S.C. § 405(g). When an ALJ's decision is the final action of the Commissioner, the reviewing court examines the ALJ's decision to determine whether substantial evidence supports it and whether the ALJ applied the proper legal standard. *See Briscoe v. Branhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence is such relevant evidence as reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is more than a mere scintilla but may be less than the weight of the evidence. *Id.*

In his decision, the ALJ must build a logical bridge from the evidence to his conclusion. *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). In addition, a reviewing court is not to substitute its own opinion for that of the ALJ, or to re-weigh the evidence. *Id.* An ALJ must minimally express his analysis of evidence in order to allow the reviewing court to trace the path of his reasoning and to be certain that the ALJ considered the necessary evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). The ALJ need not specially address every piece of evidence in the record. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010).

## IV.    ISSUE FOR REVIEW

In this case, the Plaintiff contends that the ALJ erred in relying on vocational expert testimony to fulfill his Step 5 burden without properly addressing post-hearing objections to the vocational expert's testimony [DE 22 at 4-11]. In his opinion, the ALJ overruled seven post-hearing objections raised by Plaintiff. [DE 13 at 17-21].

Plaintiff's appeal here challenges the ALJ's decision overruling his fourth objection, which argued that reliance on the vocational expert's testimony identifying existing jobs that would allow Plaintiff to "switch positions after 30 minutes or so" would violate SSR 00-1C addressing disability claims under both the Social Security Act and the Americans with Disabilities Act ("ADA") after the Supreme Court's decision in *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999). [DE 13 at 73]. Specifically, Plaintiff contends that by accepting the vocational expert's testimony, the ALJ failed to determine whether this specific sit/stand option constituted a "reasonable accommodation" under the Americans with Disabilities Act ("ADA") such that his Step 5 analysis may have improperly identified jobs that included the sit/stand option. In support, Plaintiff notes that the U.S. Equal Employment Opportunity Commission's ("EEOC's") conclusion that a "sit/stand option" in a workplace constitutes a

4

"reasonable accommodation" under the ADA and cites SSR 00-1C and *Cleveland* for the proposition that ALJs should not consider such "reasonable accommodations" in assessing a claimant's qualification for disability benefits. Plaintiff only challenges the ALJ's Step 5 determination without contesting the propriety of his RFC finding or seeking the vocational expert's disqualification.

V.      **ANALYSIS**

The Plaintiff's post-hearing memorandum in support of his claim for disability benefits is in direct response to the testimony of the vocational witness. [DE 13 at 601-22]. The Plaintiff claims that his conditions and medical impairments substantially erode the unskilled occupational base and preclude the Plaintiff from performing any substantial gainful activity. Therefore, the Plaintiff contends, the ALJ erred in relying on vocational expert testimony to fulfill his step 5 burden without properly addressing post hearing objections to the vocational expert's testimony. As discussed below, this Court agrees that the ALJ's findings were not supported by substantial evidence and the ALJ's denial of disability benefits should be remanded.

At Step 5, unlike the previous steps, the SSA has the burden of proof to demonstrate whether the claimant can adjust to other work. 20 C.F.R. § 1560(c)(2); *see also Britton v. Astrue*, 521 F.3d 799, 803 (7th Cir. 2008). The SSA's burden can only be met on the basis of up-to-date and reliable vocational information. 20 C.F.R. § 1566(d); SSR 00-4p

However, in making a determination of whether an individual is disabled for Social Security Disability Insurance ("SSDI") purposes, the SSA is not to take the possibility of "reasonable accommodation" into account. *Cleveland*, 526 U.S. at 803.

A reasonable accommodation is considered in evaluating claims made under the ADA. *Id.* The ADA defines "reasonable accommodations" to include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modification of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations." 42 U.S.C. § 12111(9)(B). The ADA and SSA have different purposes and have no direct relationship to each other. *Cleveland*, 526 U.S. at 802-03.

Although Social Security Ruling 83-12 allows for vocational experts to be consulted in order to clarify the implications for the occupational base in cases of usual limitation of ability to sit or stand, the matter of "reasonable accommodation" may turn on highly disputed workplace-specific matters. *Id*. "Whether or how an employer might be willing, or required, to alter job duties to suit the limitations of a specific individual is not relevant" for Social Security benefit purposes. *Sullivan v. Halter*, 135 F. Supp. 2d 985, 987 (S.D. Iowa 2001) (citing *Eback v. Chater*, 94 F.3d 410, 412 (8th Cir. 1996)). "Social Security's assessment must be based on broad vocational patterns rather than on any individual's employer's practices." *Id*. (internal citations and quotations omitted).

Here, the vocational expert testified in response to a hypothetical situation posed by the ALJ that "if there was an additional limitation where the individual needed to be able to switch positions after 30 minutes or so," that potential jobs would still remain available to the Plaintiff, but would "reduce the numbers in half based upon that change of position." [DE 13 at 73]. As the hearing testimony reflects, this analysis is based upon the vocational expert's purely experiential opinion. [DE 13 at 76]. While the vocational expert has tenured credentials and the ALJ is well within the purview of the Step 5 inquiry to rely on a vocational expert for the RFC

assessment, the ALJ erred in seeking an opinion based on the hypothetical including the sit/stand option and relying on the vocational expert's unsupported claim that jobs would be available with such an accommodation. In other words, the ALJ relied on testimony that the vocational expert was not qualified to provide with respect to an arguably reasonable accommodation under the ADA.

As the ALJ acknowledges, the vocational expert's assertion deviates from the Dictionary of Occupational Titles ("DOT"). [DE 13 at 31]. The DOT, which outlines the typical amount of time each job would require a person to sit, stand, and walk, does not take into consideration accommodations for disabled individuals. It is outside the qualification for a vocational expert to hypothesize that an employer will accommodate an impaired employee. *See Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999); *Eaglebarger v. Astrue*, Cause No. 1:11-CV-00038, 2012 WL 602022, at *5 (N.D. Ind. Feb. 23, 2012).

Further, the SSA omits "reasonable accommodations" from its RFC analyses for a number of reasons.

> The omission reflects the facts that the SSA receives more than 2.5 million claims for disability benefits each year; its administrative resources are limited; the matter of "reasonable accommodation" may turn on highly disputed workplace-specific matters; and an SSA misjudgment about that detailed, and often fact-specific matter would deprive a seriously disabled person of the critical financial support the statute seeks to provide.

*Cleveland*, 526 U.S. at 803. By allowing the vocational expert to provide testimony about reasonable accommodation and to deviate from the DOT in this case, the ALJ has not met his burden at Step 5 of the disability analysis and has erred by injecting this reasonable accommodation analysis into his disability determination.

Accordingly, the ALJ erred by failing to ascertain whether the switching positions sit/stand option constituted a "reasonable accommodation" under the ADA such that his Step 5

7

conclusion, based on the vocational expert's testimony, that Plaintiff could perform a significant number of jobs in the economy was not supported by substantial evidence.

**V.     CONCLUSION**

For the reasons stated above, the Court **REMANDS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is instructed to term the case and enter judgment in favor of the Plaintiff.

**SO ORDERED.**

Dated this 25th day of September 2018.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
